**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

**FREDERICK BANKS**                                                                      **PLAINTIFF**
**REG #05711-068**

**v.**                                        **No: 2:13CV00030 KGB/HDY**

**MICHAEL PUGH** *et al.*                                                      **DEFENDANTS**

## ORDER

Plaintiff Frederick Banks, a federal inmate who is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas, filed on February 28, 2013, a *pro se* complaint (Dkt. No. 1), pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), along with an application for leave to proceed *in forma pauperis* (Dkt. No. 2).

Because Mr. Banks's complaint must be dismissed, without prejudice, pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), his application for leave to proceed *in forma pauperis* will be denied.

Under the three-strikes provision of the PLRA, a prisoner may not bring a civil action *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Mr. Banks is ineligible for *in forma pauperis* status because he has had more than three cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Banks v. U.S. Marshal*, 274 Fed. Appx. 631 (10th Cir. 2008).  Mr. Banks's three-strike status has been recognized in this District as well.  *See Banks v. Clinton*, ED/AR 4:12CV00183; *Banks v.*

*Hanks et al.*, 2:12CV00221.[1]  The Court additionally finds, based on the allegations contained in Mr. Banks's present complaint, that he is not in imminent danger of serious physical injury. Specifically, Mr. Banks complains that his cell at a prison unit in which he was formerly housed was too cold, that his property has been taken, and that he has been denied shower shoes.  Although Mr. Banks also claims that the bathrooms have no hand soap, which resulted in him contracting a cough for which he was not treated, Mr. Banks's complaint indicates that he was provided with "personal soap."  The complaint provides no names of specific individuals who work at Mr. Banks's current prison unit and are responsible for the alleged constitutional violations and contains no request for injunctive relief.  Mr. Banks's claims do not describe imminent danger of serious physical injury.

 IT IS THEREFORE ORDERED THAT:

 1. Mr. Banks's application for leave to proceed *in forma pauperis* (Dkt. No. 2) is DENIED, and Mr. Banks's complaint is DISMISSED WITHOUT PREJUDICE.  Should Mr. Banks wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this Order, along with a motion to reopen the case.  Upon receipt of the motion and full payment, this case will be reopened.

 2. The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

---

[1] In *Banks v. Clinton*, the United States Court of Appeals for the Eighth Circuit ruled that, under the provisions of the PLRA, Mr. Banks could not proceed with an appeal of the dismissal of that case until he paid the full filing fees.

2

DATED this 1st day of April, 2013.

_____
Kristine G. Baker
United States District Judge